UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PIVOTAL PAYMENTS, INC.

                      Plaintiff,                                 **MEMORANDUM &**
                                                                          **ORDER**

                     -against-                                     CV 14-4910 (GRB)

ANDREW PHILLIPS, CARDFLEX, INC,
and U.S. ALLIANCE GROUP, INC.,

                      Defendants.
-----------------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

      The matter previously came before the undersigned on a motion for a preliminary injunction, which was denied in an Order that describes the allegations of the complaint, familiarity with which is assumed. *See Pivotal Payments, Inc. v. Phillips,* No. CV 14-4910 (GRB), 2014 WL 6674621 (E.D.N.Y. Nov. 25, 2014) (the "Order"). Presently pending before the Court is a motion by defendants to dismiss counts 8 through 13 of the amended complaint, which purport to set forth claims for relief for fraud/fraudulent inducement, conversion, mutual mistake and unilateral mistake, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). This motion is evaluated under the familiar and oft-repeated standard for reviewing such motions, which need not be reiterated here. *See, e.g., Ivchencko v. Global MRV, Inc.*, No. CV 11-4247, 2013 WL 685379, at *7-9 (E.D.N.Y. Feb. 4, 2013), *report and recommendation adopted*, 2013 WL 685906 (E.D.N.Y. Feb. 22, 2013).

      A.    *Fraud/Fraudulent Inducement*

      Defendants seek dismissal of the fraud/fraudulent inducement claims as duplicative of the breach of contract claims contained in the amended complaint. While courts in New York

1

generally do not permit parallel fraud and breach of contract claims,"New York distinguishes between a promissory statement of what will be done in the future that gives rise only to a breach of contract cause of action and a misrepresentation of a present fact that gives rise to a separate cause of action for fraudulent inducement." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.,* 500 F.3d 171, 184 (2d Cir. 2007). As noted in the Order, plaintiffs have plainly alleged misstatements of present fact -- which allegations must be accepted as true for the purposes of this motion -- that would support a separate cause of action. *See, e.g.*, Order, 2014 WL 6674621 at *2 ("the "Complaint further alleges that Cardflex failed to disclose in due diligence 'certain fees that USAG charged.'"); *cf*. Order at *3 ("Pivotal claims that CardFlex failed to disclose and/or understated certain fees, leading Pivotal to overvalue the assets by approximately $600,000"). The specificity of these allegations clearly satisfy the requisites of Rules 9(b) and 12(b)(6). Thus, the motion to dismiss the claims for fraud and fraudulent inducement claim is denied.

  B. *Conversion*

Defendants' argument is similar, though much more sound, concerning the viability of plaintiffs' purported cause of action for conversion in the face of the breach of contract claims. "A conversion claim must be dismissed when it does not stem from a wrong independent of the alleged breach of contract." *Kalimantano GmbH v. Motion in Time, Inc.,* 939 F. Supp. 2d 392, 416 (S.D.N.Y. 2013) (*citing Wolf v. Nat'l Council of Young Israel,* 264 A.D.2d 416, 694 N.Y.S.2d 424, 425 (2d Dep't.1999) ("[A] claim to recover damages for conversion cannot be predicated on a mere breach of contract")). While counsel for plaintiffs struggle to distinguish the purported "conversion" of certain purportedly past-due and future-interest funds from the alleged breaches of contract, the inescapable conclusion is that but-for the breaches of contract,

2

there would be no "conversion" of funds.   In other words, the alleged wrong is not independent of the claimed breach of contract, but is in all pertinent respects identical. As such, the motion to dismiss the conversion count is granted.

    C.    *Mutual/Unilateral Mistake of Fact*

On this motion, defendants seek dismissal of plaintiff's claims predicated upon theories of mutual and unilateral mistake of fact.  Defendants' application, however, conflates issues of proof with issues of pleading, largely challenging the evidentiary support for plaintiffs' mistake claims.  Such arguments are premature at this juncture.  Moreover, in the Order, the undersigned found:

> On the central claim of gross versus net residuals, the evidence submitted by the parties is, at best, ambiguous.  Plaintiff maintains there is proof of mutual or unilateral mistake, while defendants' vehemently deny the same in sworn statements. The record, at this juncture, is sufficiently equivocal on many on these key issues such that the issue of likelihood remains unclear. At the same time, plaintiff has, unquestionably, demonstrated "sufficiently serious questions going to the merits to make them a fair ground for litigation." *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.,* 598 F.3d 30, 35 (2d Cir.2010).

Order at *4.  In light of this finding, defendants' motion can be dispatched without further consideration.  Of course, defendants retain the right to raise these issues again following discovery in the form of a summary judgment motion if appropriate.

Therefore, based upon the foregoing, defendants' motion to dismiss is GRANTED as to plaintiff's claim for conversion and DENIED in all other respects.

**SO ORDERED.**

Dated: Central Islip, New York
August 28, 2015

    /s/ Gary R. Brown
GARY R. BROWN
United States Magistrate Judge